IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ANTONIO WEBB, )
 )
        Plaintiff, )
 )
     v. ) No. 07-4024-CV-C-NKL
 )
CHERYL MUTRE, et al., )
 )
        Defendants. )

**REPORT, RECOMMENDATION AND ORDER**

      On November 13, 2007, plaintiff Antonio Webb moved for an injunction directing officials at Fulton State Hospital to allow him to be present during any search of his property and for an injunction related to his legal mail.

      First, plaintiff alleges that during a shakedown on September 20, 2007, some of his legal paperwork disappeared. Second, plaintiff expresses concern that institutional officials are delaying both sending out his mail and delivering it to him. Plaintiff wants an order directing that there be no delay, that the mail be logged in and out, signed for, and that a confirmation be received from the court.

      Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

        Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Plaintiff does not appear to challenge the validity of the search of his property by mental health staff.  Instead, he wants an order directing those doing the search to allow him to be present.  The court notes plaintiff has not alleged that his access to the court in meritorious cases has been harmed, or otherwise identified what legal materials have disappeared during searches of his property.

The Supreme Court has recognized that searches within an institutional setting may occur, for security reasons, without the inmate being present, and that hospital administrators are accorded broad deference in the execution of policies and practice that, in their judgment, are needed to preserve internal order and to maintain institutional security.  See Bell v. Wolfish, 441 U.S. 520 (1979).

Plaintiff has come forward with no evidence or allegation that he has been denied meaningful access to the court or otherwise been unable to prosecute his cases because necessary or irreplaceable materials have been lost during property searches when he was not present. Likewise, plaintiff has not identified any case in which he has been prejudiced because of delays with his mail.  After careful consideration, the court is not persuaded that the balance of equities so favors plaintiff that an injunction should be issued.[1]

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On November 26, 2007, plaintiff filed a "Motion of Status Update" in which he requests unrestricted legal and religious materials from the Internet, additional law library time and free copies of legal filings. These issues have been previously addressed in this case and in other cases filed by plaintiff. The updated information in this motion does not convince the court that circumstances have changed such that plaintiff's request should be granted.

IT IS ORDERED that plaintiff's motion of November 26, 2007, is denied for the reasons previously set forth. [51] It is further

RECOMMENDED that plaintiff's motions of November 13, 2007, for preliminary injunctive relief be denied. [41, 42]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 3rd day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3

Case 2:07-cv-04024-NKL   Document 54   Filed 01/03/08   Page 3 of 3