# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| ANTONIO WEBB, Register No. 1175777, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4024-CV-C-NKL |
| | ) | |
| CHERYL MUTRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Defendants filed a motion for summary judgment on November 21, 2008. On January 15, 2009, plaintiff filed a response, and defendants a reply on January 22, 2009.[1]

Defendants argue that plaintiff's allegations that his constitutional rights were violated by defendants opening and reading his legal mail outside his presence, and allegedly preventing him from making filings in his criminal and civil cases is not supported by sufficient evidence to overcome summary judgment.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Plaintiff's allegations that defendants Vincenz, Reitz, and Martin are based on their alleged failure to act after plaintiff submitted grievances that his legal mail was being interfered with, and therefore, plaintiff has no evidence from which a reasonable jury could find that these defendants are liable to plaintiff under 42 U.S.C. § 1983. Supervisors may not be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox 47 F.3d 966, 968 (8th Cir. 1995). Further, a supervisor's mere involvement in the grievance process is not actionable under 42 U.S.C. 1983. Rowe v. Norris, 198 Fed. Appx. 579 (8th Cir. 2006); Bean v. Dormire, 2008 WL 2230695 *8 (W.D. Mo. Mar. 29, 2008).

Plaintiff's claims involve his stay at Fulton State Mental Hospital (FSH) where he was a pretrial detainee on murder charges. Plaintiff alleges that on May 9, 2006, defendant Moutray delivered to plaintiff an opened letter from plaintiff's attorney. Plaintiff alleges that when Moutray handed the letter to him, she stated to plaintiff what the contents of the letter were. Plaintiff alleges the information in the letter was used to prepare or influence a competency report, which plaintiff alleges was used against him at trial.

Prisoners retain their First Amendment rights of sending and receiving mail. Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir. 1994). However, routine inspections of incoming and outgoing nonlegal mail (termed "non-privileged mail") to inspect for contraband does not violate the prisoner's rights. Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981). If the mail is from a prisoner's attorney (termed "privileged mail"), and identified as such, it cannot be opened for inspection for contraband outside the inmates's presence. Cody v. Weber, 256 F.3d 764, 768 (8th

2

Cir. 2001) (citing Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974)); Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981). Wolff requires that privileged mail must be marked specifically identifying it as going to or coming from the inmate's attorney, including the attorney's name and address. 418 U.S. at 576-77. A prison official's duty to maintain security within the prison does not extend to reading the inmate's legal mail. Cody, 256 F.3d at 768 (citing Thongvanh v. Thalacker, 17 F.3d at 258-59).

However, the act of opening privileged incoming mail does not injure an inmate's right to receive mail or access to courts. Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997). The policy that incoming confidential legal mail should be opened in the inmate's presence serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband. Id. Therefore, only probative evidence of a persistent uncostitutional disregard of the policy defeats summary judgment. Id.

Plaintiff fails to come forward with evidence that the action of Moutray was a persistent constitutional disregard for the policy restricting reading a FSH resident's privileged mail from his/her attorney. Plaintiff's claims also fail to support that the letter from his attorney read by Moutray was specifically marked as coming from his attorney, as required by Wolff, to give Moutray notice that the mail was privileged. Moreover, plaintiff fails to provide evidence that the information contained in the letter was used by Moutray to influence or write plaintiff's competency report. To state a claim, plaintiff must allege, and ultimately prove, facts showing he suffered an actual injury or prejudice in his legal proceedings. Johnston v. Hamilton, 452 F.3d 967, 974 (8th Cir. 2006); Gober v. McGuire, 2007 WL 3326855 *3 (W.D. Mo. Nov. 6, 2007). Plaintiff's general allegation that he believes Moutray opened a letter from plaintiff's attorney and used information from the letter to influence the competency report, without any evidence to support such allegation, is insufficient to show actual injury and overcome summary judgment.

Plaintiff alleges that defendant Chambers, sometime after August 2006 when plaintiff was put on mail-screen status, inspected and read a letter plaintiff gave to her to be placed in the mailbox. This letter was to a family member allegedly talking about plaintiff's legal proceedings. Plaintiff confirms that the family member did receive the letter, but that Chambers' actions violated his rights.

3

Plaintiff's letter to a family member was not privileged mail regardless of its content. As set forth above, routine inspections of outgoing nonlegal mail do not violate a prisoner's rights. Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981).

Plaintiff also alleges that in October 2006, he gave to Chambers two unsealed legal letters to his attorney to be put in the mailbox. Plaintiff alleges that Chambers read these letters which he alleges contained sensitive information regarding his criminal case and trial stategy. Plaintiff alleges this information was used to prepare and/or influence a competency report which plaintiff alleges was used against him at trial.

Plaintiff has come forward with no evidence that his letters were marked as privileged mail, and has not produced copies of the letters or set forth to the court what sensitive information was contained in the letters. Further, plaintiff has failed to come forward with any evidence showing what information was used from the letters in the compentency report, or evidence of how that report harmed him at trial. Plaintiff's general allegations, without supporting evidence, are insufficient for a reasonable jury to find that plaintiff's constitutional rights were violated by Chambers' actions.

Plaintiff alleges that Dr. Alias put plaintiff on mail-screen status at FSH due to problems with his interaction with another resident at the institution. Plaintiff also alleges that Dr. Alias generally was reading plaintiff's mail and used the information to make his doctor's progress report on plaintiff's condition and treatment. Plaintiff alleges that this report improperly inferred that he had committed the murder for which he was charged, and that this information resulted in a negative competency report being given to the jury at trial.

Plaintiff has come forward with no evidence to support his allegation that Dr. Alias was reading mail that was privileged or specifically marked or recognizable as privileged. To the extent plaintiff cites to the FSH records progress report that was filled out by Dr. Alias, the evidence does not support that Dr. Alias used information from plaintiff's legal mail to make a finding that he was guilty of the murder for which he was charged. The statement in the progress report stated, "However, if the antidepressant dose is above the necessary level, the concomitant manic symptoms may overtake his cognition, which would result in aggressive and violent behavior, as demonstrated in the alleged murder of his wife." This statement made within FSH's

4

internal doctor's progress report fails to provide evidence to support plaintiff's allegations that Dr. Alias was reading plaintiff's legal mail or that Dr. Alias had determined plaintiff guilty of the murder for which he was charged. Rather, the evidence supports that Dr. Alias' comments were made for treatment purposes and were based on his personal knowledge of the crime of which plaintiff had been charged, as well as the tendency of treating doctors at FSH to assume that the individual being assessed has committed the crime charged.

Plaintiff's allegation that Dr. Alias and other defendants also prevented his mailings from being filed with the courts, thus, denying him access to courts, is also unsupported by the evidence. Although prisoners enjoy some degree of First Amendment rights in their legal correspondence, Thongvanh v. Thalacker, 17 F.3d 256 (8th Cir. 1994), they must show they suffered actual injury in their efforts to pursue a particular legal claim. Kind v. Frank, 329 F.3d 979, 980 (8th Cir. 2003) (county jail inmate could not demonstrate he was denied his constitutional right of access to courts based on jail officials' alleged interference with his mail absent a showing that he lost a specific claim in a legal proceeding as a result of the alleged interference). See also Strong v. Woodford, 428 F. Supp. 2d 1082, 1085 (C.D. Cal. 2006).

The undisputed facts show that FSH policy provided for plaintiff's August 2006 mail restriction entered by Dr. Alias to be effective for only thirty days. Further, the restriction provided only that plaintiff's incoming and outgoing mail be screened; it did not prevent plaintiff from sending or receiving mail, but was put into place to monitor plaintiff's contact with a fellow FSH resident. Thus, there is no evidence that plaintiff's placement on mail screen impeded his claims in this case or any other pending civil or criminal case.

The fact that plaintiff alleges delay and/or that some of his legal filings sent to the courts never made it, fails to support a claim of denial of access to courts because plaintiff has failed to come forward with evidence of prejudice to any specific legal claim or case. Rather, the evidence shows that although one motion was not received by the court in plaintiff's state criminal case regarding his concern that his appointed legal counsel may have a conflict of interest with the assigned judge, plaintiff concedes that he promptly wrote a follow-up letter to the judge in the case involving the same issues; that it was confirmed that such letter reached the judge; and the judge chose not to respond to the letter. As to his civil cases, plaintiff alleges that

5

defendants refused to send out his motions for an extension of time. However, the evidence shows that plaintiff was, in fact, granted extensions of time in his two civil cases, and was not prejudiced by any alleged denial of his legal mail being mailed to the court. A prisoner's mere allegations of injury is not legally sufficient to forestall summary judgment. Therefore, with no evidence of actual harm from which a reasonable jury could find that plaintiff was denied access to courts by defendants, defendants' motions for summary judgment on plaintiff's claims challenging the alleged denial of sending legal filings/documents in the mail for his criminal and civil cases should be granted.

Because this court finds that defendants' motion for summary judgment should be granted, the court need not address the further issue of qualified immunity at this time. Should this recommendation not be adopted, the district judge may reassess the qualified immunity issue.

On September 17, 2008, plaintiff filed a motion for judgment alleging that defense counsel violated a verbal agreement and contacted plaintiff's aunt to obtain documents for this case that plaintiff had stated were in his aunt's custody. Plaintiff alleges that he thinks defense counsel may have obtained some documents he shouldn't have that are related to plaintiff's criminal case. Plaintiff's request for a judgment on this issue in this case is improper. If plaintiff is concerned regarding who has documents pertaining to his state criminal case, he must address the issue in his state criminal proceedings.

On October 20, 2008, and again on May 11, 2009, plaintiff filed motions for appointment of counsel. In light of the above recommendation, plaintiff's motions will be denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice. [98, 108] It is further

RECOMMENDED that plaintiff's motion for judgment regarding defense counsel's obtaining documents be denied. [86] It is further

RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed. [102]

6

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of May, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge